# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA FABIOLA VAZQUEZ ALVAREZ, by next friend, SAYDA AYALA,<br><br>                                    Petitioner,<br><br>v.<br><br>TODD LYONS, Acting Director, Immigration and Customs Enforcement , et al.,<br><br>                                    Respondents. | Case No.:  26-cv-277-BJC-MMP<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

Sayda Ayala filed this *pro se* Petition for Writ of Habeas Corpus against Defendant Todd Lyons, et al, assertedly as a "next friend" of Karla Fabiola Vazquez Alvarez. The Petition asserts that Ms. Vazquez Alvarez is being detained despite being granted withholding of removal on December 9, 2025, and that her detention is unlawful and unauthorized. ECF No. 1.  Ayala has also filed an Emergency Motion for Immediate Release (ECF No. 2), a Motion to Expedite (ECF No. 6), a Motion for Immediate Release (ECF No. 7) and a Motion to Add Next Friend (ECF No. 8) on behalf of Ms. Vazquez Alvarez.

"'Next friends' appear in court on behalf of detained prisoners who are unable,

1

25-cv-2983-BJC-BJW

usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. There are two prerequisites for claiming "next friend" status. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* (citations omitted). Second, the "next friend" "must have some significant relationship with the real party in interest." *Id.* at 164. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.*

Here, the Petition is being brought by Ayala as a "next friend" of the Petitioner and is not signed by the Petitioner. Ayala states that Ms. Vazquez Alvarez cannot file on her own behalf because she is being held in isolation without access to legal materials, including paper or writing instruments. Motion to Add Next Friend, ECF No. 8 at 1. Ayala claims that she was detained at Otay Mesa Detention Center, and Ms. Vazquez Alvarez authorized Ayala to assist with the Petition due to language barriers and violations of Ms. Vazquez Alvarez's constitutional rights by ICE and the Warden. *Id.* at 2.

While Ayala's assertions that Ms. Vazquez Alvarez is unable to access legal materials to file her own claim satisfies the first prerequisite, Ayala fails to meet the second requirement, as she has not shown that she has a "significant relationship" with Ms. Vazquez Alvarez. *See Leon v. DHS*, 26cv0200-BAS-MMP (S.D. Cal. Jan. 14, 20206)(assertion that "next friend" was life-long partner insufficient to satisfy requirement.) Moreover, even if the Court finds that permitting Sayda Ayala to proceed as a "next friend" is appropriate in this case, the "next friend" cannot proceed *pro se*—without a lawyer. *See, e.g.*, *Pinzon v. Mendocino Cnty. Sheriff's Off.*, No. 22-CV-02388-RMI, 2022 WL 1304093, at *2 (N.D. Cal. May 2, 2022). An individual is only permitted to proceed *pro se* on their own behalf, not on behalf of others. *See* Civil Local Rule 83.11. Therefore, if Sayda Ayala wishes to proceed and satisfies the "next friend" prerequisites, then an

25-cv-2983-BJC-BJW

attorney must also appear on Sayda Ayala's behalf. Alternatively, Karla Fabiola Vazquez Alvarez can file her own Petition and appear *pro se* on her own behalf.

In light of the foregoing, the Court finds summary dismissal is appropriate. Hence, the Court **DISMISSES WITHOUT PREJUDICE** the Petition. (ECF No. 1.) Accordingly, the Court also **TERMINATES AS MOOT** the Emergency Motion for Immediate Release (ECF No. 2), Motion to Expedite (ECF No. 6), Motion for Immediate Release (ECF No. 7) and Motion to Add Next Friend (ECF No. 8).  Finally, the Clerk of Court shall close the case. In the event that an Amended Petition is filed that corrects the deficiencies identified above, the Court will reopen the case.

**IT IS SO ORDERED**.

Dated:  February 25, 2026

Honorable Benjamin J. Cheeks
United States District Judge

25-cv-2983-BJC-BJW