**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARLA FABIOLA VAZQUEZ ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>TODD LYONS, et al,<br><br>Respondents. | Case No.:  26-cv-277-BJC-MMP<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Pending before the Court is Petitioner Karla Fabiola Vazquez's Amended Petition for Writ of Habeas Corpus.[1]  ECF No. 10.  Petitioner is a Mexican citizen who entered the United States in early 2025.  She surrendered herself to authorities and was detained. She has remained in custody since that time. On December 9, 2025, an immigration judge entered a final order of removal but granted her relief under the Convention Against Torture

---

[1] On January 16, 2026, Sayda Ayala filed the Petition for Writ of Habeas Corpus as a "next friend" of Petitioner.  ECF No. 1.  On February 25, 2026, the Court dismissed the Petition without prejudice for Ayala's failure to sufficiently allege she had "next friend" status. ECF No. 9. On March 4, 2026, Petitioner, proceeding *pro se*, filed an Amended Petition for Writ of Habeas Corpus.  ECF No. 10.  On March 9, 2026, the Court appointed the San Diego Office of Federal Defenders to represent Petitioner and set a briefing schedule.  ECF No. 11.  On March 13, 2026, Petitioner filed Supplemental Briefing. ECF No. 13.

("CAT").

Petitioner argues that her indefinite detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231. ECF No. 13 at 6. Petitioner requests that the Court grant the Petition, order Respondents to immediate release Petitioner from custody, and enjoin Respondents from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until they obtain a travel document for her removal. *Id.* at 16-17.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States.") Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Under *Zadvydas*, 533 U.S. at 682, the Supreme Court held that indefinite detention of aliens subject to final orders of removal "would raise serious constitutional concerns," therefore, the Immigration and Nationality Act "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review." When a noncitizen has been detained longer than six months, and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The petition for release must be granted if the court determines "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Petitioner's order of removal became final on December 9, 2025. Wilson Decl. at ¶ 5. She has been in custody over six months. According to Petitioner, there is no significant likelihood of removal in the reasonably foreseeable future because ICE has not been able to identify a plausible placement for her, she has no connection to any other country that could potentially lead to a third country placement, and 98% of persons granted CAT relief and withholding are never removed. ECF No. 17 at 2-3. Respondent counters that it would be premature to conclude that removal in the reasonably foreseeable

26-cv-277-BJC-MMP

future is unlikely before permitting ICE the opportunity to continue with the "diligent efforts it made to affect Petitioner's removal before the Court's enjoinder of removal." ECF NO. 15 at 5.

The Court finds that Petitioner's detention has become prolonged, and she has provided good reason to believe that her removal is not likely in the reasonably foreseeable future. Respondents have failed to rebut that showing. On January 29, 2026, ICE Deportation Officer Lashaniece Wilson executed a declaration, attached to Respondent's Return, which states that "ERO is looking to remove Petitioner to a third country and is currently working on identifying a third country for removal." ECF No. 15-1 ¶ 17. However, Respondents now claim that "ICE ceased efforts to arrange Petitioner's removal" on January 23, 2026, six days before Officer Wilson executed her declaration. Return ECF No. 15 at 1. Further confusing the matter, Respondents also contend that "ERO is still in the process of identifying countries that may be willing to accept Petitioner for removal" in their Return. *Id.* at 5.

Because Respondents have not identified a third country for removal, Respondents have failed to rebut Petitioner's showing. Therefore, the Court concludes that there is no "significant likelihood of removal in the reasonably foreseeable future." See *Zadvydas*, 533 U.S. at 682. Accordingly, the Court **GRANTS** the Amended Petition for a writ of habeas corpus. Respondents shall immediately release Petitioner. Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them are enjoined from removing Petitioner to a third country without notice and a meaningful opportunity to be heard, following the process detailed in *D.V.D. v. U.S. Dep't Homeland Sec.*, 2025 WL 1453640, *1 (D.Mass. May 21, 2025). The Clerk of Court shall close this case.

**IT IS SO ORDERED**.

Dated: June 17, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

3

26-cv-277-BJC-MMP